IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZEBRA TECHNOLOGIES CORPORATION, ZEBRA TECHNOLOGIES INTERNATIONAL, LLC, LASER BAND LLC, and ZIH CORP.<br><br>               Plaintiffs,<br><br>    v.<br><br>TYPENEX MEDICAL, LLC and WARD KRAFT INC.<br><br>        Defendants. | Case No. 18-cv-04711<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT TYPENEX MEDICAL, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Typenex Medical, LLC ("Typenex"), by and through its undersigned counsel, hereby answers the allegations in the Complaint filed by Plaintiffs Zebra Technologies Corporation ("ZTC"), Zebra Technologies International, LLC ("ZTI"), Laser Band LLC ("Laser Band"), and ZIH Corp. ("ZIH") (collectively "Zebra"), sets forth its affirmative defenses, and asserts its counterclaims as follows.

Typenex generally denies all allegations in the Complaint that are not expressly and specifically admitted herein. Typenex further denies any and all allegations that may be implied or inferred from the headings, pictures, and/or images used in the Complaint.

## NATURE OF THE ACTION

1.     Upon information and belief, Typenex admits that the Complaint asserts the claims listed in paragraph 1, but denies that any of Zebra's claims have merit.

**THE PARTIES**

2.      Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore denies those allegations.

3.      Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore denies those allegations.

4.      Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies those allegations.

5.      Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore denies those allegations.

6.      Admitted.

7.      Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and therefore denies those allegations.

**JURISDICTION AND VENUE**

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Typenex denies that any tortious or otherwise unlawful or illegal act has occurred. Typenex admits the remaining allegations of paragraph 11 of the Complaint.

12.     Admitted.

**THE PATENTS-IN-SUIT**

13.     Upon information and belief, Typenex admits that the title of U.S. Pat. No. 7,779,569 is correctly stated in paragraph 13 of the Complaint and that the '569 Patent was issued on August 24, 2010.  Typenex denies that the '569 Patent was duly and legally issued.

2

Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint and therefore denies those allegations.

14.     Upon information and belief, Typenex admits that the title of U.S. Pat. No. 8,011,125 is correctly stated in paragraph 14 of the Complaint and that the '125 Patent was issued on September 6, 2011.  Typenex denies that the '125 Patent was duly and legally issued. Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint and therefore denies those allegations.

15.     Upon information and belief, Typenex admits that the title of U.S. Pat. No. 7,017,293 is correctly stated in paragraph 15 of the Complaint and that the '293 Patent was issued on March 28, 2006.  Typenex denies that the '293 Patent was duly and legally issued. Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint and therefore denies those allegations.

16.     Upon information and belief, Typenex admits that the title of U.S. Pat. No. 7,017,294 is correctly stated in paragraph 16 of the Complaint and that the '294 Patent was issued on March 28, 2006.  Typenex denies that the '294 Patent was duly and legally issued. Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint and therefore denies those allegations.

17.     Upon information and belief, Typenex admits that the title of U.S. Pat. No. 7,222,448 is correctly stated in paragraph 17 of the Complaint and that the '448 Patent was issued on May 29, 2007.  Typenex denies that the '448 Patent was duly and legally issued. Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint and therefore denies those allegations.

18.    Upon information and belief, Typenex admits that the title of U.S. Pat. No. 7,325,347 is correctly stated in paragraph 18 of the Complaint and that the '347 Patent was issued on February 5, 2008.  Typenex denies that the '347 Patent was duly and legally issued. Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint and therefore denies those allegations.

19.    Upon information and belief, Typenex admits that the title of U.S. Pat. No. 7,461,473 is correctly stated in paragraph 19 of the Complaint and that the '473 Patent was issued on December 9, 2008.  Typenex denies that the '473 Patent was duly and legally issued. Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the Complaint and therefore denies those allegations.

20.    Upon information and belief, Typenex admits that the title of U.S. Pat. No. 7,779,570 is correctly stated in paragraph 20 of the Complaint and that the '570 Patent was issued on August 24, 2010.  Typenex denies that the '570 Patent was duly and legally issued. Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint and therefore denies those allegations.

## **PLAINTIFFS' BUSINESS AND TRADEMARK AND TRADE DRESS RIGHTS**

21.    Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore denies those allegations.

22.    Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore denies those allegations.

23.    Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and therefore denies those allegations.

24.     Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and therefore denies those allegations.

25.     Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and therefore denies those allegations.

26.     Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and therefore denies those allegations.

27.     Typenex denies the allegations of paragraph 27 of the Complaint.

28.     Typenex denies that L2 and L3 trademarks exist.  Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint and therefore denies those allegations.

29.     Typenex denies the allegations of paragraph 29 of the Complaint.

30.     Typenex denies the allegations of paragraph 30 of the Complaint.

31.     Typenex denies the allegations of paragraph 31 of the Complaint.

32.     Typenex denies the allegations of paragraph 32 of the Complaint.

33.     Typenex denies the allegations of paragraph 33 of the Complaint.

34.     Typenex denies that Color Blue Trade Dress exists.  Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 of the Complaint and therefore denies those allegations.

35.     Typenex denies the allegations of paragraph 35 of the Complaint.

36.     Typenex denies the allegations of paragraph 36 of the Complaint.

37.     Typenex denies the allegations of paragraph 37 of the Complaint.

38.     Typenex denies the allegations of paragraph 38 of the Complaint.

39.     Typenex denies that L3 Trade Dress exists.    Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 of the Complaint and therefore denies those allegations.

40.     Typenex denies that L2 Trade Dress exists.    Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 of the Complaint and therefore denies those allegations.

41.     Typenex denies that 102W3 Trade Dress exists.    Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the Complaint and therefore denies those allegations.

42.     Typenex denies the allegations of paragraph 42 of the Complaint.

43.     Typenex denies the allegations of paragraph 43 of the Complaint.

44.     Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and therefore denies those allegations.

45.     Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint and therefore denies those allegations.

46.     Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint and therefore denies those allegations.

47.     Typenex denies the allegations of paragraph 47 of the Complaint.

48.     Typenex denies the allegations of paragraph 48 of the Complaint.

49.     Typenex denies that there is substantial goodwill and customer recognition as set forth in paragraph 49 of the Complaint.  Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 of the Complaint and therefore denies those allegations.

50.     Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and therefore denies those allegations.

51.     Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint and therefore denies those allegations.

52.     Typenex denies the allegations of paragraph 52 of the Complaint.

53.     Typenex denies the allegations of paragraph 53 of the Complaint.

54.     Admitted.

55.     Typenex denies that its products infringe anything.   Typenex admits the remaining allegations of paragraph 55 of the Complaint.

56.     Typenex denies the allegations of paragraph 56 of the Complaint.

57.     Typenex denies the allegations of paragraph 57 of the Complaint.

58.     Admitted.

59.     Typenex denies the allegations of paragraph 59 of the Complaint.

60.     Typenex denies that there is any infringement, willful or otherwise. Typenex admits that Zebra sent Typenex a letter dated April 24, 2018.

61.     Upon information and belief, Typenex admits that Ward Kraft makes and sells laser-printable patient identification wristband products which Typenex markets and sells under the identifiers listed in paragraph 61 of the Complaint.  Typenex denies the remaining allegations of paragraph 61 of the Complaint.

62.     Admitted.

63.     Typenex denies the allegations of paragraph 63 of the Complaint.

64.     Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint and therefore denies those allegations.

65.     Typenex denies that the purported trademarks and trade dress set forth in paragraph 65 of the Complaint exist.  Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65 of the Complaint and therefore denies those allegations.

66.     Typenex denies the allegations of paragraph 66 of the Complaint.

67.     Typenex denies the allegations of paragraph 67 of the Complaint.

68.     Typenex denies the allegations of paragraph 68 of the Complaint.

69.     Typenex denies the allegations of paragraph 69 of the Complaint.

70.     Typenex denies that Color Blue Trade Dress exists.  Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 of the Complaint and therefore denies those allegations.

71.     This paragraph does not contain allegations to which a response is required by Typenex.  To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint and therefore denies those allegations.

72.     This paragraph does not contain allegations to which a response is required by Typenex.  To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Complaint and therefore denies those allegations.

73.     Typenex denies the allegations of paragraph 73 of the Complaint.

74.     Typenex denies the allegations of paragraph 74 of the Complaint.

75. Typenex denies that Configuration Trade Dress exists. Typenex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75 of the Complaint and therefore denies those allegations.

76. Typenex denies the allegations of paragraph 76 of the Complaint.

77. Typenex denies the allegations of paragraph 77 of the Complaint.

78. Typenex denies the allegations of paragraph 78 of the Complaint.

79. Typenex denies that L2 and L3 Marks, Color Blue Trade Dress, and Configuration Trade Dress exist, and therefore denies that Zebra could authorize use of such. Zebra has, however, granted Ward Kraft a covenant not to sue.

80. Typenex denies that L2 and L3 Marks, Color Blue Trade Dress, and Configuration Trade Dress exist, and further denies that Defendants have infringed any trademark or trade dress. Typenex admits that letters were exchanged dated April 24, 2018; May 3, 2018; and May 10, 2018.

81. Typenex denies the allegations of paragraph 81 of the Complaint.

82. This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Complaint and therefore denies those allegations.

83. This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Complaint and therefore denies those allegations.

84. This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Complaint and therefore denies those allegations.

85. This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Complaint and therefore denies those allegations.

86. This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Complaint and therefore denies those allegations.

87. This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Complaint and therefore denies those allegations.

88. This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Complaint and therefore denies those allegations.

89. This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Complaint and therefore denies those allegations.

90.     This paragraph does not contain allegations to which a response is required by Typenex.   To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Complaint and therefore denies those allegations.

91.     This paragraph does not contain allegations to which a response is required by Typenex.   To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Complaint and therefore denies those allegations.

92.     This paragraph does not contain allegations to which a response is required by Typenex.   To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Complaint and therefore denies those allegations.

93.     This paragraph does not contain allegations to which a response is required by Typenex.   To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the Complaint and therefore denies those allegations.

94.     This paragraph does not contain allegations to which a response is required by Typenex.   To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the Complaint and therefore denies those allegations.

95.     This paragraph does not contain allegations to which a response is required by Typenex.   To the extent a response is required, Typenex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the Complaint and therefore denies those allegations.

## COUNT I

96.     Typenex incorporates its answers to paragraphs 1-95 as if fully set forth herein.

97.     Typenex denies the allegations of paragraph 97 of the Complaint.

98.     Upon information and belief, Typenex admits that claim 1 of the '569 Patent is reproduced in paragraph 98 of the Complaint.   Typenex denies the remaining allegations of paragraph 95 of the Complaint.

99.     Typenex denies the allegations of paragraph 99 of the Complaint.

100.    Typenex denies the allegations of paragraph 100 of the Complaint.

## COUNT II

101.    Typenex incorporates its answers to paragraphs 1-100 as if fully set forth herein.

101*[1].    Typenex denies the allegations of paragraph 101 of the Complaint.

102.    Upon information and belief, Typenex admits that claim 1 of the '125 Patent is reproduced in paragraph 102 of the Complaint.   Typenex denies the remaining allegations of paragraph 102 of the Complaint.

103.    Typenex denies the allegations of paragraph 103 of the Complaint.

104.    Typenex denies the allegations of paragraph 104 of the Complaint.

---

[1] The paragraph between paragraph 101 and 102 of the complaint is not numbered. Paragraph 101* of the answer responds to that unnumbered paragraph.

**COUNT III**

105.    Typenex incorporates its answers to paragraphs 1-104 as if fully set forth herein.

106.    Typenex denies the allegations of paragraph 106 of the Complaint.

107.    Upon information and belief, Typenex admits that claim 1 of the '293 Patent is reproduced in paragraph 107 of the Complaint.  Typenex denies the remaining allegations of paragraph 107 of the Complaint.

108.    Typenex denies the allegations of paragraph 108 of the Complaint.

109.    Typenex denies the allegations of paragraph 109 of the Complaint.

**COUNT IV**

110.    Typenex incorporates its answers to paragraphs 1-109 as if fully set forth herein.

111.    Typenex denies the allegations of paragraph 111 of the Complaint.

112.    Upon information and belief, Typenex admits that claim 1 of the '294 Patent is reproduced in paragraph 112 of the Complaint.  Typenex denies the remaining allegations of paragraph 112 of the Complaint.

113.    Typenex denies the allegations of paragraph 113 of the Complaint.

114.    Typenex denies the allegations of paragraph 114 of the Complaint.

**COUNT V**

115.    Typenex incorporates its answers to paragraphs 1-114 as if fully set forth herein.

116.    Typenex denies the allegations of paragraph 116 of the Complaint.

117.    Upon information and belief, Typenex admits that claim 18 of the '448 Patent is reproduced in paragraph 117 of the Complaint.  Typenex denies the remaining allegations of paragraph 117 of the Complaint.

118.    Typenex denies the allegations of paragraph 118 of the Complaint.

119.    Typenex denies the allegations of paragraph 119 of the Complaint.

## COUNT VI

120.    Typenex incorporates its answers to paragraphs 1-119 as if fully set forth herein.

121.    Typenex denies the allegations of paragraph 121 of the Complaint.

122.    Upon information and belief, Typenex admits that claim 1 of the '347 Patent is reproduced in paragraph 122 of the Complaint. Typenex denies the remaining allegations of paragraph 122 of the Complaint.

123.    Typenex denies the allegations of paragraph 123 of the Complaint.

124.    Typenex denies the allegations of paragraph 124 of the Complaint.

## COUNT VII

125.    Typenex incorporates its answers to paragraphs 1-124 as if fully set forth herein.

126.    Typenex denies the allegations of paragraph 126 of the Complaint.

127.    Upon information and belief, Typenex admits that claim 1 of the '473 Patent is reproduced in paragraph 127 of the Complaint. Typenex denies the remaining allegations of paragraph 127 of the Complaint.

128.    Typenex denies the allegations of paragraph 128 of the Complaint.

129.    Typenex denies the allegations of paragraph 129 of the Complaint.

## COUNT VIII

130.    Typenex incorporates its answers to paragraphs 1-129 as if fully set forth herein.

131.    Typenex denies the allegations of paragraph 131 of the Complaint.

132.    Upon information and belief, Typenex admits that claim 1 of the '570 Patent is reproduced in paragraph 132 of the Complaint. Typenex denies the remaining allegations of paragraph 132 of the Complaint.

14

133. Typenex denies the allegations of paragraph 133 of the Complaint.

134. Typenex denies the allegations of paragraph 134 of the Complaint.

## COUNT IX

135. Typenex incorporates its answers to paragraphs 1-134 as if fully set forth herein.

136. Typenex denies the allegations of paragraph 134 of the Complaint.

137. Typenex denies that L2 and L3 Marks, Color Blue Trade Dress, and Configuration Trade Dress exist, and therefore that Zebra could authorize use of such. Zebra has, however, granted Ward Kraft a covenant not to sue.

138. Typenex denies the allegations of paragraph 138 of the Complaint.

139. This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex denies the allegations of paragraph 139.

140. Typenex denies the allegations of paragraph 140 of the Complaint.

141. Typenex denies the allegations of paragraph 141 of the Complaint.

142. Typenex denies the allegations of paragraph 142 of the Complaint.

143. Typenex denies the allegations of paragraph 143 of the Complaint.

## COUNT X

144. Typenex incorporates its answers to paragraphs 1-143 as if fully set forth herein.

145. Typenex denies the allegations of paragraph 145 of the Complaint.

146. Typenex denies the allegations of paragraph 146 of the Complaint.

## COUNT XI

147. Typenex incorporates its answers to paragraphs 1-146 as if fully set forth herein.

148. Typenex denies the allegations of paragraph 148 of the Complaint.

149. Typenex denies the allegations of paragraph 149 of the Complaint.

## COUNT XII

150.   Typenex incorporates its answers to paragraphs 1-149 as if fully set forth herein.

151.   This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex denies the allegations of paragraph 151.

152.   This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex denies the allegations of paragraph 152.

153.   This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex denies the allegations of paragraph 153.

154.   This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex denies the allegations of paragraph 154.

155.   This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex denies the allegations of paragraph 155.

156.   This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex denies the allegations of paragraph 156.

157.   This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex denies the allegations of paragraph 157.

158.   This paragraph does not contain allegations to which a response is required by Typenex. To the extent a response is required, Typenex denies the allegations of paragraph 158.

## PRAYER FOR RELIEF

159.   Typenex denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A-O of Plaintiffs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, Typenex alleges as follows and reserves the right to raise additional defenses that may be identified through discovery in this case.

### First Affirmative Defense

The Complaint fails to state any claim against Typenex upon which relief may be granted.

### Second Affirmative Defense

Zebra's claims are contractually barred by Zebra's prior agreement to a covenant not to sue. Ward Kraft and Laser Band, LLC are parties to a License Agreement dated August 11, 2000. In the License Agreement, in addition to granting to Ward Kraft a royalty-bearing license to make and sell certain licensed products, Laser Band covenanted to not sue Ward Kraft under any intellectual property or other right in connection with the making, using, offering for sale, sale, and importing of wristband forms defined in the License Agreement as "Combo Forms."

Zebra has since acquired Laser Band, and in doing so, assumed Laser Band's obligations under the License Agreement. The License Agreement limited the duration of Laser Band/Zebra's license grant for the licensed products, but provided that the covenant not to sue on the Combo Forms would survive expiration or early termination of the License Agreement. The License Agreement defines the Combo Forms more broadly than the licensed products. The wristband forms described through Zebra's Complaint are Combo Forms as defined in the License Agreement that Ward Kraft/Typenex are selling or offering for sale. Typenex is an intended third-party beneficiary of the covenant not to sue in the License Agreement and/or is otherwise entitled to the benefit of the covenant not to sue.

## Third Affirmative Defense

The '569, '125, '293, '294, '448, '347, '473, and '570 Patents are invalid under at least one of 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

## Fourth Affirmative Defense

Zebra's claims are barred in whole or in part by the equitable doctrines of acquiescence, estoppel, unclean hands, and/or the doctrine of patent exhaustion.

## Fifth Affirmative Defense

The '569, '125, '293, '294, '448, '347, '473, and '570 Patents are unenforceable due to Zebra's patent misuse of impermissible tying.

## Sixth Affirmative Defense

Typenex has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '569, '125, '293, '294, '448, '347, '473, and '570 Patents, whether directly, indirectly, individually, joint, contributorily, and/or by inducement.

## Seventh Affirmative Defense

Zebra's claims for patent damages are barred and/or limited by 35 U.S.C. §§ 286, 287, and/or 288.

## Eighth Affirmative Defense

Typenex has not infringed Zebra's purported common law rights in the designations referred to in the Complaint as the L2 and L3 Marks.

## Ninth Affirmative Defense

Typenex has not infringed Zebra's purported common law rights in the designation referred to in the Complaint as the Color Blue Trade Dress.

### Tenth Affirmative Defense

Typenex has not infringed Zebra's purported common law rights in the designations referred to collectively in the Complaint as the Configuration Trade Dress.

### Eleventh Affirmative Defense

Zebra's claims for trademark infringement, unfair competition, false designation of origin and deceptive trade practices are barred and/or limited by the doctrines of descriptive fair use and/or nominative fair use, and/or because the actions complained of are unlikely to mislead or deceive customers.

### Twelfth Affirmative Defense

Zebra's claims are barred in whole or in part by the equitable defense of laches, waiver, and/or estoppel.

### Thirteenth Affirmative Defense

Zebra's claims are barred, in whole or in part, due to the failure of Zebra to take reasonable steps to mitigate its alleged damages.

### Fourteenth Affirmative Defense

Zebra's purported trademark and/or trade dress rights, including but not limited to the Laser Band, L2 and L3 Marks, the Color Blue Trade Dress, and the Configuration Trade Dress, are invalid and/or unenforceable because they are functional and/or not distinctive.

### Fifteenth Affirmative Defense

Zebra is not entitled to injunctive relief because any injury is not irreparable, Zebra has adequate remedy at law, and the balance of hardship and the public interest do not favor injunctive relief.

**Sixteenth Affirmative Defense**

Zebra's claims are barred in whole or in part on the basis of an implied license.

## DEFENDANT'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaim-Plaintiff Typenex Medical, LLC ("Typenex"), by and through undersigned counsel, alleges the following counterclaims against Plaintiffs/Counterclaim-Defendants Zebra Technologies Corporation ("ZTC"), Zebra Technologies International, LLC ("ZTI"), Laser Band LLC ("Laser Band"), and ZIH Corp. ("ZIH") (collectively "Zebra") as follows.

Typenex incorporates by reference all statements and allegations made by Typenex contained in the above paragraphs of its Answer and Affirmative Defenses, as if set forth fully herein.

## THE PARTIES

1.     Upon information and belief, ZTC is a corporation organized under the laws of Delaware, having a place of business at 3 Overlook Point, Lincolnshire, Illinois 60069.

2.     Upon information and belief, ZTI is a limited liability company organized and existing under the laws of the State of Illinois, having a place of business at 3 Overlook Point, Lincolnshire, Illinois 60069.

3.     Upon information and belief, Laser Band is a limited liability company organized under the laws of the State of Missouri, having a place of business at 120 South Central, Suite 450, St. Louis, Missouri 63105.

4.     Upon information and belief, ZIH is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 3 Overlook Point, Lincolnshire, Illinois 60069.

5.     Upon information and belief, Ward Kraft is a corporation organized and existing under the laws of the state of Kansas, having a principal place of business at 2401 Cooper Street, Fort Scott, Kansas 66701.

6.     Typenex Medical, LLC is a limited liability company organized and existing under the laws of the state of Illinois, having a principal place of business at 303 East Wacker Drive, Suite 1040, Chicago, Illinois 60601.

## JURISDICTION AND VENUE

7.     Jurisdiction over these Counterclaims arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, Title 35 of the United States Code, §§ 101 *et seq.*, the laws of the United States concerning actions relating to patents, 28 U.S.C. §§ 1331 and 1338(a).  The Court has supplemental jurisdiction over the remaining claims asserted in these Counterclaims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy, and they are derived from the same nucleus of operative fact.

8.     This Court has personal jurisdiction over Zebra because Zebra consented to jurisdiction by bringing suit against Typenex and Ward Kraft in this Court.  Venue for these counterclaims is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Zebra brought this suit against Typenex and Ward Kraft in this Court.

9.     There exists a justiciable controversy between Typenex and Zebra with respect to the validity or invalidity, enforceability or unenforceability, and infringement or non-infringement of the '569 Patent, the '125 Patent, the '293 Patent, the '294 Patent, the '448 Patent, the '347 Patent, the '473 Patent, and the '570 Patent.

10.     There exists a justiciable controversy between Typenex, Ward Kraft, and Zebra with respect to the validity or invalidity and to the infringement or non-infringement of the LASER BAND Marks and Zebra's purported L2 and L3 Marks, Color Blue Trade Dress, and Configuration Trade Dress.

## COUNTERCLAIM COUNT I
### (Declaration of Noninfringement of the '569 Patent)

11.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

12.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '569 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

13.     Plaintiffs have asserted ownership of and/or the right to enforce the '569 Patent, and have asserted that Typenex has infringed and is infringing the '569 Patent.

14.     Typenex requests a declaration from the Court that Typenex has not and does not directly infringe, indirectly infringe, contribute to the infringement, or induce the infringement of any asserted claim of the '569 Patent, either literally or under the doctrine of equivalents, and has not otherwise infringed under 35 U.S.C. § 271.

## COUNTERCLAIM COUNT II
### (Declaration of Noninfringement of the '125 Patent)

15.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

16.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '125 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

17.     Plaintiffs have asserted ownership of and/or the right to enforce the '125 Patent, and have asserted that Typenex has infringed and is infringing the '125 Patent.

18.     Typenex requests a declaration from the Court that Typenex has not and does not directly infringe, indirectly infringe, contribute to the infringement, or induce the infringement of any asserted claim of the '125 Patent, either literally or under the doctrine of equivalents, and has not otherwise infringed under 35 U.S.C. § 271.

### COUNTERCLAIM COUNT III
### (Declaration of Noninfringement of the '293 Patent)

19.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

20.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '293 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

21.     Plaintiffs have asserted ownership of and/or the right to enforce the '293 Patent, and have asserted that Typenex has infringed and is infringing the '293 Patent.

22.     Typenex requests a declaration from the Court that Typenex has not and does not directly infringe, indirectly infringe, contribute to the infringement, or induce the infringement of any asserted claim of the '293 Patent, either literally or under the doctrine of equivalents, and has not otherwise infringed under 35 U.S.C. § 271.

## COUNTERCLAIM COUNT IV
### (Declaration of Noninfringement of the '294 Patent)

23.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

24.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '294 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

25.     Plaintiffs have asserted ownership of and/or the right to enforce the '294 Patent, and have asserted that Typenex has infringed and is infringing the '294 Patent.

26.     Typenex requests a declaration from the Court that Typenex has not and does not directly infringe, indirectly infringe, contribute to the infringement, or induce the infringement of any asserted claim of the '294 Patent, either literally or under the doctrine of equivalents, and has not otherwise infringed under 35 U.S.C. § 271.

## COUNTERCLAIM COUNT V
### (Declaration of Noninfringement of the '448 Patent)

27.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

28.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '448 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

29.     Plaintiffs have asserted ownership of and/or the right to enforce the '448 Patent, and have asserted that Typenex has infringed and is infringing the '448 Patent.

30.     Typenex requests a declaration from the Court that Typenex has not and does not directly infringe, indirectly infringe, contribute to the infringement, or induce the infringement of

any asserted claim of the '448 Patent, either literally or under the doctrine of equivalents, and has not otherwise infringed under 35 U.S.C. § 271.

## COUNTERCLAIM COUNT VI
### (Declaration of Noninfringement of the '347 Patent)

31.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

32.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '347 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

33.     Plaintiffs have asserted ownership of and/or the right to enforce the '347 Patent, and have asserted that Typenex has infringed and is infringing the '347 Patent.

34.     Typenex requests a declaration from the Court that Typenex has not and does not directly infringe, indirectly infringe, contribute to the infringement, or induce the infringement of any asserted claim of the '347 Patent, either literally or under the doctrine of equivalents, and has not otherwise infringed under 35 U.S.C. § 271.

## COUNTERCLAIM COUNT VII
### (Declaration of Noninfringement of the '473 Patent)

35.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

36.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '473 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

37.     Plaintiffs have asserted ownership of and/or the right to enforce the '473 Patent, and have asserted that Typenex has infringed and is infringing the '473 Patent.

38.     Typenex requests a declaration from the Court that Typenex has not and does not directly infringe, indirectly infringe, contribute to the infringement, or induce the infringement of any asserted claim of the '473 Patent, either literally or under the doctrine of equivalents, and has not otherwise infringed under 35 U.S.C. § 271.

## COUNTERCLAIM COUNT VIII
### (Declaration of Noninfringement of the '570 Patent)

39.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

40.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '570 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

41.     Plaintiffs have asserted ownership of and/or the right to enforce the '570 Patent, and have asserted that Typenex has infringed and is infringing the '570 Patent.

42.     Typenex requests a declaration from the Court that Typenex has not and does not directly infringe, indirectly infringe, contribute to the infringement, or induce the infringement of any asserted claim of the '570 Patent, either literally or under the doctrine of equivalents, and has not otherwise infringed under 35 U.S.C. § 271.

## COUNTERCLAIM COUNT IX
### (Judgment of Invalidity of the '569 Patent)

43.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

44.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '569 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

45. Plaintiffs have asserted ownership of and/or the right to enforce the '569 Patent, and have asserted that Typenex has infringed and is infringing the '569 Patent.

46. Each of the claims of the '569 Patent are invalid for failure to comply with one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

47. Typenex therefore requests a declaration by the Court that all claims of the '569 Patent are invalid for failing to satisfy the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

## COUNTERCLAIM COUNT X
### (Judgment of Invalidity of the '125 Patent)

48. Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

49. An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '125 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

50. Plaintiffs have asserted ownership of and/or the right to enforce the '125 Patent, and have asserted that Typenex has infringed and is infringing the '125 Patent.

51. Each of the claims of the '125 Patent are invalid for failure to comply with one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

52. Typenex therefore requests a declaration by the Court that all claims of the '125 Patent are invalid for failing to satisfy the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

## COUNTERCLAIM COUNT XI
### (Judgment of Invalidity of the '293 Patent)

53.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

54.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '293 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

55.     Plaintiffs have asserted ownership of and/or the right to enforce the '293 Patent, and have asserted that Typenex has infringed and is infringing the '293 Patent.

56.     Each of the claims of the '293 Patent are invalid for failure to comply with one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

57.     Typenex therefore requests a declaration by the Court that all claims of the '293 Patent are invalid for failing to satisfy the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

## COUNTERCLAIM COUNT XII
### (Judgment of Invalidity of the '294 Patent)

58.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

59.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '294 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

60.     Plaintiffs have asserted ownership of and/or the right to enforce the '294 Patent, and have asserted that Typenex has infringed and is infringing the '294 Patent.

61.     Each of the claims of the '294 Patent are invalid for failure to comply with one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

62.     Typenex therefore requests a declaration by the Court that all claims of the '294 Patent are invalid for failing to satisfy the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

### COUNTERCLAIM COUNT XIII
### (Judgment of Invalidity of the '448 Patent)

63.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

64.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '448 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

65.     Plaintiffs have asserted ownership of and/or the right to enforce the '448 Patent, and have asserted that Typenex has infringed and is infringing the '448 Patent.

66.     Each of the claims of the '448 Patent are invalid for failure to comply with one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

67.     Typenex therefore requests a declaration by the Court that all claims of the '448 Patent are invalid for failing to satisfy the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

## COUNTERCLAIM COUNT XIV
### (Judgment of Invalidity of the '347 Patent)

68.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

69.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '347 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

70.     Plaintiffs have asserted ownership of and/or the right to enforce the '347 Patent, and have asserted that Typenex has infringed and is infringing the '347 Patent.

71.     Each of the claims of the '347 Patent are invalid for failure to comply with one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

72.     Typenex therefore requests a declaration by the Court that all claims of the '347 Patent are invalid for failing to satisfy the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

## COUNTERCLAIM COUNT XV
### (Judgment of Invalidity of the '473 Patent)

73.     Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

74.     An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '473 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

75.     Plaintiffs have asserted ownership of and/or the right to enforce the '473 Patent, and have asserted that Typenex has infringed and is infringing the '473 Patent.

76. Each of the claims of the '473 Patent are invalid for failure to comply with one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

77. Typenex therefore requests a declaration by the Court that all claims of the '473 Patent are invalid for failing to satisfy the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

## COUNTERCLAIM COUNT XVI
### (Judgment of Invalidity of the '570 Patent)

78. Typenex adopts and incorporates by reference all statements and allegations contained in the above paragraphs as if set forth fully herein.

79. An actual case or controversy, and legal conflict exists between the Parties as to the scope, meaning, validity, and infringement of the '570 Patent within the meaning of 28 U.S.C. § 2201 *et seq.*

80. Plaintiffs have asserted ownership of and/or the right to enforce the '570 Patent, and have asserted that Typenex has infringed and is infringing the '570 Patent.

81. Each of the claims of the '570 Patent are invalid for failure to comply with one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

82. Typenex therefore requests a declaration by the Court that all claims of the '570 Patent are invalid for failing to satisfy the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and 112 and/or for double patenting.

## PRAYER FOR RELIEF

WHEREFORE, Typenex respectfully requests entry of judgment from this Court:

A.      Dismissing all of Zebra's claims in their entirety with prejudice and a declaration that Zebra take nothing from its Complaint;

B.      Declaring that Typenex has not infringed and does not infringe, either directly, indirectly, or otherwise, any valid and enforceable claim of the '569, '125, '293, '294, '448, '347, '473, and '570 Patents;

C.      Declaring that all claims of the '569, '125, '293, '294, '448, '347, '473, and '570 Patents are invalid and/or unenforceable;

D.      Declaring that this case is exceptional and an award to Typenex of its costs, expenses, and reasonable attorney fees as provided in 35 U.S.C. § 285, 15 U.S.C. § 1117, and/or other applicable contract provisions or legal authorities; and

E.      Awarding any further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Typenex requests a jury trial on all issues so triable.

Dated:  September 4, 2018        Respectfully submitted,

By:     */s/ Vladimir I. Arezina*           

One of the Attorneys for Defendants
**TYPENEX MEDICAL LLC and WARD KRAFT INC.**

Vladimir I. Arezina (ARDC No. 6276348)
Sara A. Barnowski (ARDC No. 6326572)
LATHROP GAGE LLP
155 N. Wacker Drive
Suite 3000
Chicago, IL 60606
Telephone:  (312) 920-3300
Email:  varezina@lathropgage.com

Travis W. McCallon*
LATHROP GAGE LLP
2345 Grand Blvd.
Suite 2200
Kansas City, MO  64108
Telephone:  (816) 292-2000
Email:  tmccallon@lathropgage.com

A. Justin Poplin*
Hissan Anis*
LATHROP GAGE LLP
10851 Mastin Boulevard
Bldg 82, Ste 1000
Overland Park, Kansas 66210-1669
Email:  jpoplin@lathropgage.com
Email:  hanis@lathropgage.com
Telephone (913) 451-5100
Facsimile (913) 451-0875
(*pro hac vice* forthcoming)

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that on **September 4, 2018**, a copy of the foregoing document was filed electronically through the Court's Electronic Case Filing (ECF) System, and service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's ECF System on this date.

*/s/ Vladimir I. Arezina*

Vladimir I. Arezina

One of the Attorneys for Defendants
**TYPENEX MEDICAL LLC and WARD KRAFT INC.**

34

30025756v3