IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZEBRA TECHNOLOGIES CORPORATION, ZEBRA TECHNOLOGIES INTERNATIONAL, LLC, LASER BAND LLC, and ZIH CORP.<br><br>          Plaintiffs,<br><br>    v.<br><br>TYPENEX MEDICAL, LLC and WARD KRAFT INC.<br><br>        Defendants. | Case No. 18-cv-04711<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT WARD KRAFT INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Ward-Kraft Inc. ("Ward Kraft"), by and through its undersigned counsel, hereby answers the allegations in the Complaint filed by Plaintiffs Zebra Technologies Corporation ("ZTC"), Zebra Technologies International, LLC ("ZTI"), Laser Band LLC ("Laser Band"), and ZIH Corp. ("ZIH") (collectively "Zebra"), and sets forth its affirmative defenses as follows.

Ward Kraft generally denies all allegations in the Complaint that are not expressly and specifically admitted herein. Ward Kraft further denies any and all allegations that may be implied or inferred from the headings, pictures, and/or images used in the Complaint.

### NATURE OF THE ACTION

1.    Upon information and belief, Ward Kraft admits that the Complaint asserts the claims listed in paragraph 1, but denies that any of Zebra's claims have merit.

## THE PARTIES

2.      Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore denies those allegations.

3.      Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore denies those allegations.

4.      Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies those allegations.

5.      Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore denies those allegations.

6.      Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore denies those allegations.

7.      The legal name of Ward Kraft is WARD-KRAFT, INC.  Ward Kraft admits the remaining allegations of paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Ward Kraft denies that any tortious or otherwise unlawful or illegal act has occurred.  Ward Kraft admits the remaining allegations of paragraph 11 of the Complaint.

12.     Admitted.

## THE PATENTS-IN-SUIT

13.     Upon information and belief, Ward Kraft admits that the title of U.S. Pat. No. 7,779,569 is correctly stated in paragraph 13 of the Complaint and that the '569 Patent was

issued on August 24, 2010. Ward Kraft denies that the '569 Patent was duly and legally issued. Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint and therefore denies those allegations.

14. Upon information and belief, Ward Kraft admits that the title of U.S. Pat. No. 8,011,125 is correctly stated in paragraph 14 of the Complaint and that the '125 Patent was issued on September 6, 2011. Ward Kraft denies that the '125 Patent was duly and legally issued. Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint and therefore denies those allegations.

15. Upon information and belief, Ward Kraft admits that the title of U.S. Pat. No. 7,017,293 is correctly stated in paragraph 15 of the Complaint and that the '293 Patent was issued on March 28, 2006. Ward Kraft denies that the '293 Patent was duly and legally issued. Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint and therefore denies those allegations.

16. Upon information and belief, Ward Kraft admits that the title of U.S. Pat. No. 7,017,294 is correctly stated in paragraph 16 of the Complaint and that the '294 Patent was issued on March 28, 2006. Ward Kraft denies that the '294 Patent was duly and legally issued. Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint and therefore denies those allegations.

17. Upon information and belief, Ward Kraft admits that the title of U.S. Pat. No. 7,222,448 is correctly stated in paragraph 17 of the Complaint and that the '448 Patent was issued on May 29, 2007. Ward Kraft denies that the '448 Patent was duly and legally issued.

Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint and therefore denies those allegations.

18.     Upon information and belief, Ward Kraft admits that the title of U.S. Pat. No. 7,325,347 is correctly stated in paragraph 18 of the Complaint and that the '347 Patent was issued on February 5, 2008. Ward Kraft denies that the '347 Patent was duly and legally issued. Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint and therefore denies those allegations.

19.     Upon information and belief, Ward Kraft admits that the title of U.S. Pat. No. 7,461,473 is correctly stated in paragraph 19 of the Complaint and that the '473 Patent was issued on December 9, 2008. Ward Kraft denies that the '473 Patent was duly and legally issued. Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the Complaint and therefore denies those allegations.

20.     Upon information and belief, Ward Kraft admits that the title of U.S. Pat. No. 7,779,570 is correctly stated in paragraph 20 of the Complaint and that the '570 Patent was issued on August 24, 2010. Ward Kraft denies that the '570 Patent was duly and legally issued. Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint and therefore denies those allegations.

**PLAINTIFFS' BUSINESS AND TRADEMARK AND TRADE DRESS RIGHTS**

21.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore denies those allegations.

22.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore denies those allegations.

23.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and therefore denies those allegations.

24.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and therefore denies those allegations.

25.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and therefore denies those allegations.

26.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and therefore denies those allegations.

27.     Ward Kraft denies the allegations of paragraph 27 of the Complaint.

28.     Ward Kraft denies that L2 and L3 trademarks exist.  Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint and therefore denies those allegations.

29.     Ward Kraft denies the allegations of paragraph 29 of the Complaint.

30.     Ward Kraft denies the allegations of paragraph 30 of the Complaint.

31.     Ward Kraft denies the allegations of paragraph 31 of the Complaint.

32.     Ward Kraft denies the allegations of paragraph 32 of the Complaint.

33.     Ward Kraft denies the allegations of paragraph 33 of the Complaint.

34.     Ward Kraft denies that Color Blue Trade Dress exists.  Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 of the Complaint and therefore denies those allegations.

35.     Ward Kraft denies the allegations of paragraph 35 of the Complaint.

36.     Ward Kraft denies the allegations of paragraph 36 of the Complaint.

37.     Ward Kraft denies the allegations of paragraph 37 of the Complaint.

38.     Ward Kraft denies the allegations of paragraph 38 of the Complaint.

39.     Ward Kraft denies that L3 Trade Dress exists.  Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 of the Complaint and therefore denies those allegations.

40.     Ward Kraft denies that L2 Trade Dress exists.  Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 of the Complaint and therefore denies those allegations.

41.     Ward Kraft denies that 102W3 Trade Dress exists.  Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the Complaint and therefore denies those allegations.

42.     Ward Kraft denies the allegations of paragraph 42 of the Complaint.

43.     Ward Kraft denies the allegations of paragraph 43 of the Complaint.

44.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and therefore denies those allegations.

45.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint and therefore denies those allegations.

46.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint and therefore denies those allegations.

47.     Ward Kraft denies the allegations of paragraph 47 of the Complaint.

48.     Ward Kraft denies the allegations of paragraph 48 of the Complaint.

49.     Ward Kraft denies that there is substantial goodwill and customer recognition as set forth in paragraph 49 of the Complaint.  Ward Kraft lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 of the Complaint and therefore denies those allegations.

50.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and therefore denies those allegations.

51.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint and therefore denies those allegations.

52.     Ward Kraft denies the allegations of paragraph 52 of the Complaint.

53.     Ward Kraft denies the allegations of paragraph 53 of the Complaint.

54.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint and therefore denies those allegations.

55.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint and therefore denies those allegations.

56.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint and therefore denies those allegations.

57.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint and therefore denies those allegations.

58.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint and therefore denies those allegations.

59.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint and therefore denies those allegations.

60.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint and therefore denies those allegations.

61.     Ward Kraft admits that it makes and sells laser-printable patient identification wristband products.  Ward Kraft denies the remaining of paragraph 61 of the Complaint.

62.     Admitted.

63.     Ward Kraft denies the allegations of paragraph 63 of the Complaint.

64.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint and therefore denies those allegations.

65.     Ward Kraft denies that the purported trademarks and trade dress set forth in paragraph 65 of the Complaint exist.  Ward Kraft lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of paragraph 65 of the Complaint and therefore denies those allegations.

66.     Ward Kraft denies the allegations of paragraph 66 of the Complaint.

67.     Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint and therefore denies those allegations.

68.     Ward Kraft denies the allegations of Paragraph 68 of the Complaint.

69.     Ward Kraft denies the allegations of paragraph 69 of the Complaint.

70.     Ward Kraft denies that Color Blue Trade Dress exists.  Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 of the Complaint and therefore denies those allegations.

71.     Ward Kraft denies that Color Blue Trade Dress exists, and denies the allegations of paragraph 71 of the Complaint.

72.     Ward Kraft denies that Color Blue Trade Dress exists.  Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 72 of the Complaint (e.g., whether the illustrations are representative examples of LASER BAND products) and therefore denies those allegations.

73.     Ward Kraft denies the allegations of paragraph 73 of the Complaint.

74.     Ward Kraft denies the allegations of paragraph 74 of the Complaint.

75.     Ward Kraft denies that Configuration Trade Dress exists.  Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 of the Complaint and therefore denies those allegations.

76.     Ward Kraft denies the allegations of paragraph 76 of the Complaint.

77.     Ward Kraft denies the allegations of paragraph 77 of the Complaint.

78. Ward Kraft denies the allegations of paragraph 78 of the Complaint.

79. Ward Kraft denies that L2 and L3 Marks, Color Blue Trade Dress, and Configuration Trade Dress exist, and therefore denies that Zebra could authorize use of such. Zebra has, however, granted Ward Kraft a covenant not to sue.

80. Ward Kraft denies that L2 and L3 Marks, Color Blue Trade Dress, and Configuration Trade Dress exist, and further denies that Defendants have infringed any trademark or trade dress. Ward Kraft admits that letters were exchanged dated April 24, 2018; May 3, 2018; and May 10, 2018.

81. Ward Kraft denies the allegations of paragraph 81 of the Complaint.

82. Ward Kraft admits that the advertisement depicted in paragraph 82 of the Complaint is a Ward Kraft advertisement. Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 82 of the Complaint (e.g., whether the advertisement is distributed to the same customers to which Zebra markets the LASER BAND Products) and therefore denies those allegations.

83. Ward Kraft denies the allegations of paragraph 83 of the Complaint.

84. Ward Kraft denies the allegations of paragraph 84 of the Complaint.

85. Admitted.

86. Ward Kraft denies the allegations of paragraph 86 of the Complaint.

87. Ward Kraft denies the allegations of paragraph 87 of the Complaint.

88. Ward Kraft denies the allegations of paragraph 88 of the Complaint.

89. Ward Kraft denies the allegations of paragraph 89 of the Complaint.

90. Upon information and belief, Ward Kraft admits that the excerpts in paragraph 90 of the Complaint are from a Ward Kraft Medical Wristband Product Guide. Ward Kraft lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 90 of the Complaint (e.g., whether this Ward Kraft Medical Wristband Product Guide was distributed to the same customers to which Zebra markets and distributes LASER BAND Products) and therefore denies those allegations.

91.     Admitted.

92.     Ward Kraft denies the allegations of paragraph 92 of the Complaint.

93.     Ward Kraft denies the allegations of paragraph 93 of the Complaint.

94.     Ward Kraft denies the allegations of paragraph 94 of the Complaint.

95.     Ward Kraft denies the allegations of paragraph 95 of the Complaint.

## COUNT I

96.     Ward Kraft incorporates its answers to paragraphs 1-95 as if fully set forth herein.

97.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 97.

98.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 98.

99.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 99.

100.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 100.

## COUNT II

101.    Ward Kraft incorporates its answers to paragraphs 1-100 as if fully set forth herein.

101*[1]. This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 101.

102.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 102.

103.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 103.

104.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 104.

## COUNT III

105.    Ward Kraft incorporates its answers to paragraphs 1-104 as if fully set forth herein.

106.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 106.

---

[1] The paragraph between paragraph 101 and 102 of the Complaint is not numbered. Paragraph 101* of the answer responds to that unnumbered paragraph.

12

107.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 107.

108.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 108.

109.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 109.

## COUNT IV

110.    Ward Kraft incorporates its answers to paragraphs 1-109 as if fully set forth herein.

111.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 111.

112.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 112.

113.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 113.

114.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 114.

## COUNT V

115.    Ward Kraft incorporates its answers to paragraphs 1-114 as if fully set forth herein.

116.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 116.

117.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 117.

118.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 118.

119.    This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 119.

## COUNT VI

120.    Ward Kraft incorporates its answers to paragraphs 1-119 as if fully set forth herein.

121.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 121.

122.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 122.

123.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 123.

124.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 124.

<u>**COUNT VII**</u>

125.     Ward Kraft incorporates its answers to paragraphs 1-124 as if fully set forth herein.

126.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 126.

127.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 127.

128.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 128.

129.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 129.

**COUNT VIII**

130.     Ward Kraft incorporates its answers to paragraphs 1-129 as if fully set forth herein.

131.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 131.

132.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 132.

133.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 133.

134.     This paragraph does not contain allegations to which a response is required by Ward Kraft.  To the extent a response is required, Ward Kraft denies the allegations of paragraph 134.

## COUNT IX

135.     Ward Kraft incorporates its answers to paragraphs 1-134 as if fully set forth herein.

136.     Ward Kraft denies the allegations of paragraph 134 of the Complaint.

137.     Ward Kraft denies that L2 and L3 Marks, Color Blue Trade Dress, and Configuration Trade Dress exist, and therefore that Zebra could authorize use of such.  Zebra has, however, granted Ward Kraft a covenant not to sue.

138.     Ward Kraft denies the allegations of paragraph 138 of the Complaint.

139.     Ward Kraft denies the allegations of paragraph 139 of the Complaint.

140.     Ward Kraft denies the allegations of paragraph 140 of the Complaint.

141.     Ward Kraft denies the allegations of paragraph 141 of the Complaint.

142.     Ward Kraft denies the allegations of paragraph 142 of the Complaint.

143.     Ward Kraft denies the allegations of paragraph 143 of the Complaint.

## COUNT X

144.     Ward Kraft incorporates its answers to paragraphs 1-143 as if fully set forth herein.

145.     Ward Kraft denies the allegations of paragraph 145 of the Complaint.

146.     Ward Kraft denies the allegations of paragraph 146 of the Complaint.

## COUNT XI

147.     Ward Kraft incorporates its answers to paragraphs 1-146 as if fully set forth herein.

148.     Ward Kraft denies the allegations of paragraph 148 of the Complaint.

149.     Ward Kraft denies the allegations of paragraph 149 of the Complaint.

## COUNT XII

150.    Ward Kraft incorporates its answers to paragraphs 1-149 as if fully set forth herein.

151.    Ward Kraft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151 of the Complaint and therefore denies those allegations.

152.    Ward Kraft denies the allegations of paragraph 152 of the Complaint.

153.    Ward Kraft denies the allegations of paragraph 153 of the Complaint.

154.    Ward Kraft denies the allegations of paragraph 154 of the Complaint.

155.    Ward Kraft denies the allegations of paragraph 155 of the Complaint.

156.    Ward Kraft denies the allegations of paragraph 156 of the Complaint.

157.    Ward Kraft denies the allegations of paragraph 157 of the Complaint.

158.    Ward Kraft denies the allegations of paragraph 158 of the Complaint.

## PRAYER FOR RELIEF

159.    Ward Kraft denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A-O of Plaintiffs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, Ward Kraft alleges as follows and reserves the right to raise additional defenses that may be identified through discovery in this case.

### First Affirmative Defense

The Complaint fails to state any claim against Ward Kraft upon which relief may be granted.

## Second Affirmative Defense

Zebra's claims are contractually barred by Zebra's prior agreement to a covenant not to sue. Ward Kraft and Laser Band, LLC are parties to a License Agreement dated August 11, 2000. In the License Agreement, in addition to granting to Ward Kraft a royalty-bearing license to make and sell certain licensed products, Laser Band covenanted to not sue Ward Kraft under any intellectual property or other right in connection with the making, using, offering for sale, sale, and importing of wristband forms defined in the License Agreement as "Combo Forms."

Zebra has since acquired Laser Band, and in doing so, assumed Laser Band's obligations under the License Agreement. The License Agreement limited the duration of Laser Band/Zebra's license grant for the licensed products, but provided that the covenant not to sue on the Combo Forms would survive expiration or early termination of the License Agreement. The License Agreement defines the Combo Forms more broadly than the licensed products. The wristband forms described through Zebra's Complaint are Combo Forms as defined in the License Agreement that Ward Kraft is selling or offering for sale.

## Third Affirmative Defense

Ward Kraft has not infringed Zebra's purported common law rights in the designations referred to in the Complaint as the L2 and L3 Marks.

## Fourth Affirmative Defense

Zebra's claims are barred in whole or in part by the equitable defense of laches, waiver, and/or estoppel.

**Fifth Affirmative Defense**

Ward Kraft has not infringed Zebra's purported common law rights in the designation referred to in the Complaint as the Color Blue Trade Dress.

**Sixth Affirmative Defense**

Ward Kraft has not infringed Zebra's purported common law rights in the designations referred to collectively in the Complaint as the Configuration Trade Dress.

**Seventh Affirmative Defense**

Zebra's claims for trademark infringement, unfair competition, false designation of origin and deceptive trade practices are barred and/or limited by the doctrines of descriptive fair use and/or nominative fair use, and/or because the actions complained of are unlikely to mislead or deceive customers.

**Eighth Affirmative Defense**

Zebra's claims are barred in whole or in part by the equitable doctrines of acquiescence, estoppel, and/or unclean hands.

**Ninth Affirmative Defense**

Zebra's claims are barred, in whole or in part, due to the failure of Zebra to take reasonable steps to mitigate its alleged damages.

**Tenth Affirmative Defense**

Zebra's claims are barred, in whole or in part, due to the failure of Zebra to take reasonable steps to mitigate its alleged damages.

### Eleventh Affirmative Defense

Zebra's purported trademark and/or trade dress rights, including but not limited to the Laser Band, L2 and L3 Marks, the Color Blue Trade Dress, and the Configuration Trade Dress, are invalid and/or unenforceable because they are functional and/or not distinctive.

### Twelfth Affirmative Defense

Zebra is not entitled to injunctive relief because any injury is not irreparable, Zebra has an adequate remedy at law, and the balance of hardship and the public interest do not favor injunctive relief.

### Thirteenth Affirmative Defense

Zebra's claims are barred in whole or in part on the basis of an implied license.

### Fourteenth Affirmative Defense

Zebra's claims are barred because certain of the accused advertising claims constitute "puffery."

### PRAYER FOR RELIEF

WHEREFORE, Ward Kraft respectfully requests entry of judgment from this Court:

A.  Dismissing all of Zebra's claims in their entirety with prejudice and entering judgment in favor of Ward Kraft;

B.  Declaring that this case is exceptional and an award to Ward Kraft of its costs, expenses, and reasonable attorney fees as provided in 15 U.S.C. § 1117 and/or other applicable contract provisions or legal authorities

C.  Awarding Ward Kraft such further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ward Kraft requests a jury trial on all issues so triable.

Dated:  September 4, 2018

Respectfully submitted,

By:     */s/ Vladimir I. Arezina*

One of the Attorneys for Defendants
**TYPENEX MEDICAL LLC and WARD KRAFT INC.**

Vladimir I. Arezina (ARDC No. 6276348)
Sara A. Barnowski (ARDC No. 6326572)
LATHROP GAGE LLP
155 N. Wacker Drive
Suite 3000
Chicago, IL 60606
Telephone:  (312) 920-3300
Email:  varezina@lathropgage.com

Travis W. McCallon*
LATHROP GAGE LLP
2345 Grand Blvd.
Suite 2200
Kansas City, MO  64108
Telephone:  (816) 292-2000
Email:  tmccallon@lathropgage.com

A. Justin Poplin*
Hissan Anis*
LATHROP GAGE LLP
10851 Mastin Boulevard
Bldg 82, Ste 1000
Overland Park, Kansas 66210-1669
Email: jpoplin@lathropgage.com
Email: hanis@lathropgage.com
Telephone (913) 451-5100
Facsimile (913) 451-0875
(**pro hac vice* forthcoming)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on **September 4, 2018**, a copy of the foregoing document was filed electronically through the Court's Electronic Case Filing (ECF) System, and service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's ECF System on this date.


*/s/ Vladimir I. Arezina*
Vladimir I. Arezina


One of the Attorneys for Defendants
**TYPENEX MEDICAL LLC and WARD KRAFT INC.**

30025343v3