# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZEBRA TECHNOLOGIES CORPORATION, ZEBRA TECHNOLOGIES INTERNATIONAL, LLC, LASER BAND LLC, and ZIH CORP.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TYPENEX MEDICAL, LLC, and WARD KRAFT INC.<br><br>　　　　Defendants. | Case No. 1:18-cv-04711<br><br>The Honorable Sara L. Ellis |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties, through their respective attorneys, hereby stipulate and agree that discovery in the above-entitled consolidated action (the "Action") may involve the disclosure of certain documents, things, and information in the possession, custody, or control of a party or a nonparty that constitute or contain trade secrets or other confidential research, development, manufacture, regulatory, financial, marketing, or other competitive information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). Accordingly, good cause exists for the entry of this Stipulated Protective Order ("Order") pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in the Action.

The parties therefore stipulate and agree, subject to the approval of the Court, that the terms and conditions of this Order shall govern the handling of documents, things and information in the Action.

1

1. This Order applies to any document, or portion thereof, any type of information, including electronically stored information and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure that, in the good-faith opinion of the party providing such material (the "Producing Party"), contains any trade secret or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information of the Producing Party, or a nonparty if such documents and information are within the possession, custody, or control of the Producing Party. The party receiving such information is herein referred to as the "Receiving Party." This Order describes the information protected under its terms and the use and disclosure of such protected information.

2. Definitions:

a. "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

b. "Person" means an individual or an entity.

c. "Designating Party" means a Party or Non-Party that designates information or items that it produces or provides for production in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

d. "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this action.

e. "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

f. "Non-Party" means natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

g. "Disclosure" or "Discovery Material" means all items or information, regardless of the medium or manner in which they are generated, stored, or maintained, including but not limited to documents, testimony, transcripts, tangible things, and/or electronically stored information, produced or generated in disclosures or responses to discovery in this case.

h. "Protected Material" means any Disclosure or Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

i. "CONFIDENTIAL" information includes information concerning a Party's business operations, processes, and technical and development information the disclosure of which is likely to harm that Party's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. All such designated material, all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "CONFIDENTIAL" information.

j. "HIGHLY CONFIDENTIAL" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than CONFIDENTIAL information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

k. Information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the Producing Party disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not

CONFIDENTIAL or HIGHLY CONFIDENTIAL if a person lawfully obtained it independently of this litigation.

    3.    <u>Designation of Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL:</u>

a.    A Designating Party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL means that the Designating Party believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b.    A Designating Party designates information in a document or thing as CONFIDENTIAL or HIGHLY CONFIDENTIAL by clearly and prominently marking it, before disclosure or production to the Receiving Party, on its face and on each page, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A Producing Party may make documents or things containing confidential information available for inspection and copying without marking them as CONFIDENTIAL or HIGHLY CONFIDENTIAL and without forfeiting a claim of confidentiality, so long as the Producing Party causes copies of the documents or things to be marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL before providing them to the Receiving Party.

c.    A person designates information in deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL by stating on the record at the deposition that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL or by advising the opposing party and the stenographer and/or videographer in writing, within fourteen (14) days after receipt of the deposition transcript, unless otherwise agreed to by counsel, that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL. During this fourteen (14) day period, the deposition testimony shall be treated as HIGHLY CONFIDENTIAL until such time as the opposing party and the stenographer and/or videographer are advised of any such designation(s).

If no such advisement is made within that time, the deposition testimony shall remain undesignated, or, if information was designated during the deposition, as originally designated.

  d. In the case of responses to interrogatories, other discovery requests or responses, and other pleadings, information contained therein may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL information by prominently marking such paper CONFIDENTIAL or HIGHLY CONFIDENTIAL.

  e. Tangible objects may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL information by affixing to the object or its container a label or tag indicating its confidentiality.

  f. A Producing Party or Designating Party's failure to designate a document, thing, or testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony. If the Producing Party discovers that information should have been but was not designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Producing Party must immediately notify all other Parties in writing. Upon notification, such information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Order, and within seven (7) business days of such notification, the Producing Party must provide copies of the document, thing, or testimony re-designated CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Order. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unmarked or mismarked documents or things occurring before the Receiving Party was placed on notice of the Producing Party's claims of confidentiality.

  g. A person who has designated information as CONFIDENTIAL or HIGHLY CONFIDENTIAL may withdraw the designation by written notification to all other Parties.

4. <u>Challenging Confidentiality Designations:</u>

a. Any Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed, provided however, that any delay in mounting a challenge does not prejudice the Producing Party or significantly disrupt or delay the litigation.

b. If a Party disputes a Producing Party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Party shall notify the Producing Party in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The Receiving Party and the Producing Party shall then meet and confer to attempt to resolve the dispute without involvement of the Court.

c. If the Parties cannot resolve the dispute without court intervention, the disputing Party may within fourteen (14) days of the date of service of notice seek an Order requesting that the Court withdraw or modify a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation. If the disputing Party does not seek an Order within that time, the objection shall be deemed waived and the information shall remain as designated by the Producing Party. If the disputing Party files a motion within the specified time period, the information shall remain as designated by the Producing Party unless and until a Court orders otherwise.

d. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

5. <u>Use and Disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Information:</u>

a. CONFIDENTIAL and HIGHLY CONFIDENTIAL information may be used and disclosed solely for purposes of this litigation, subject to the terms of this Order. No party or

person shall make any other use of any such Protected Material, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding or administrative action, except as permitted by order of the Court or otherwise agreed up by the parties. Further, such information may be disclosed only to the categories of persons and under the conditions described in this Order. Nothing herein shall be construed as (1) preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party or any person to whom the party discloses the information in accordance with this Order, or (2) preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the Producing Party. Should a dispute arise as to any specific information or materials, the burden shall be on the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.

      b.    Absent written permission from the Producing Party or further order by the Court, the Receiving Party may not disclose CONFIDENTIAL information to any person other than the following: (i) the Receiving Party's outside counsel of record, including their partners and associates, and necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) the Receiving Party's designated in-house counsel; (iii) the Receiving Party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 5(d) of this Order, experts and consultants and their staff whom a party engages for purposes of this litigation; and (vi) the Court and personnel assisting the Court.

c. Each Party may designate up to two (2) in-house counsel who may receive CONFIDENTIAL information, provided that the designated person(s) are not directly responsible for competitive decision-making for the designating Party. As of the date of this Order, the designated in-house counsel are:

For Zebra: _____ and _____

For Typenex: _____ and _____

For Ward Kraft: _____ and _____

Each Party shall each have the right to add or substitute new persons for in-house counsel designated under this paragraph to receive CONFIDENTIAL information, provided that at any time there will be no more than two designated in-house counsel.

d. Absent written permission from the Producing Party or further order by the Court, the recipient may not disclose HIGHLY CONFIDENTIAL information to any person other than those identified in paragraph 5(b)(i), (iv), (v), and (vi).

e. A party may not disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL information to an expert or consultant pursuant to paragraph 5(b) or 5(d) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order, acknowledging receipt and understanding of, agreeing to handle Protected Material in accordance with, and to be bound by the terms of this Order. At least five (5) business days before the first disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must notify the Producing Party in writing of the expert's or consultant's name, and serve upon the Producing Party the expert's or consultant's signed undertaking (Appendix 1) along with a copy of his or her current resume or curriculum vitae containing a

description of the expert's or consultant's past and present professional activities, including a list of publications, and a list of the cases in which he or she has offered expert testimony, during the preceding four (4) years. If the Producing Party has good cause to object to the disclosure to the expert or consultant (which does not include challenging his or her qualifications or contemplated work), it must serve the party proposing to make the disclosure with a written objection within five (5) business days after receiving notice and such signed undertaking and resume or curriculum vitae. Unless the parties resolve the dispute within five (5) business days after service of the objection, the Producing Party must promptly move the Court for a ruling, and the CONFIDENTIAL or HIGHLY CONFIDENTIAL information may not be disclosed to the expert or consultant without the Court's approval. If the Producing Party fails to object to such disclosure or fails to raise the objection with the Court within the prescribed periods, the expert or consultant proposed shall be deemed approved, but that shall not preclude the Producing Party from later objecting to continued access by that expert or consultant where a new basis for objection is subsequently learned by the Producing Party.

    f.    Notwithstanding paragraph 5(b) and (d), a party may disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL information to: (i) any employee of the Producing Party; (ii) any person, no longer affiliated with the Producing Party, who were employees of the Producing Party or its predecessor in interest as of the date of the document or thing; and (iii) any person who authored or received the information in whole or in part, including as indicated on the face of the document or thing.

    g.    A party who wishes to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL information to a person not authorized under paragraph 5(b) or 5(d) must first make a reasonable

attempt to obtain the Producing Party's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

6. <u>Inadvertent Disclosure:</u> In the event of any inadvertent disclosure to unauthorized recipient(s) of information or things designated by a Producing Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY, counsel for the party responsible for the disclosure shall: (1) immediately notify the Designating Party in writing of the inadvertent disclosure, including the identity of the recipient(s) of the confidential information, (2) use objectively reasonable efforts to obtain the prompt return of the confidential information from the unauthorized recipient(s), (3) inform the person or persons to whom the inadvertent disclosure was made of the terms of this Order, and request such person(s) not to further disseminate the confidential information in any form. Compliance with the foregoing shall not prevent either party from seeking additional relief from the Court. Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

7. <u>Filing With the Court:</u> Confidential documents or information submitted to the Court during a hearing or as part of a filing by the parties shall be governed by the terms of this Order. If a party deems it necessary to submit such documents or information to the Court, the party shall designate the documents or information in accordance with this Order and file them under seal in accordance with N.D. Ill. Local Rule 5.8 and Local Rule 26.2, and nothing in this Order shall preclude the Producing Party from requesting that the Court seal that party's confidential information. The sealing of confidential information shall remain in effect until further order of the Court. If a Party obtains permission to file a document under seal, it must

also (unless excused by the Court) file a redacted, public record version that excludes any and all Confidential or Highly Confidential Information.

8. <u>Document Disposal:</u> Within sixty (60) calendar days of receipt of written notice of the final disposition of this Action, whether by judgment and exhaustion of all appeals, by voluntary dismissal, or by settlement, all documents and things produced and/or designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL information, including extracts and summaries thereof, and all reproductions thereof, shall be destroyed and within fourteen (14) calendar days of such destruction certify to counsel for the Producing Party that destruction has taken place. Notwithstanding the above, one archival copy of pleadings, discovery responses, correspondence, deposition transcripts, deposition exhibits, Court exhibits, documents (included in submissions to the Court), and work product that contains or reflects CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be retained only by each outside counsel for the Receiving Party. Insofar as the provisions of this and any other protective order entered in this Action restrict the communication and use of information produced thereunder, such order shall be binding after the conclusion of this litigation except that (1) there shall be no restriction on documents that are used as exhibits in Court for which the Court found that they should not remain protected; and (2) a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such protective order.

9. <u>Non-Party Use of This Protective Order:</u> A Non-Party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner provided in this Order and shall receive the same level of protection under this Protective Order as any Party to this Action. However, a Non-Party's use

of this Protective Order to protect its information does not entitle that Non-Party to access Protected Material produced by any Party to this Action.

10. Miscellaneous.

a. Right to Seek Modification. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

b. Survival of Obligations. This Order's obligations regarding CONFIDENTIAL and HIGHLY CONFIDENTIAL information survive the conclusion of this case.

c. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

So Ordered.

Dated: 1/15/19

_____
Sara L. Ellis
United States District Court Judge

**Appendix 1**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZEBRA TECHNOLOGIES CORPORATION, ZEBRA TECHNOLOGIES INTERNATIONAL, LLC, LASER BAND LLC, and ZIH CORP.<br><br>Plaintiffs,<br><br>v.<br><br>TYPENEX MEDICAL, LLC, and WARD KRAFT INC.<br><br>Defendants. | Case No. 1:18-cv-04711<br><br>The Honorable Sara L. Ellis |

**UNDERTAKING OF** *[insert name]*

I, *[insert person's name]*, state the following under penalties of perjury as provided by law:

I have been retained by *[insert party's name]* as an expert or consultant in connection with this case. I will be receiving CONFIDENTIAL and HIGHLY CONFIDENTIAL information that is covered by the Court's protective order dated *[fill in date]*. I have read the Court's protective order and understand that the CONFIDENTIAL and HIGHLY CONFIDENTIAL information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order. I agree to use the CONFIDENTIAL and HIGHLY CONFIDENTIAL information solely for purposes of this case. I understand that neither the CONFIDENTIAL and HIGHLY CONFIDENTIAL information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the CONFIDENTIAL and HIGHLY

CONFIDENTIAL information and any notes concerning that information to the attorney for *[insert name of retaining party]* or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

[signature]

_____